RECEIVED
AUG 23 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **TONYA CHELETTE** | **CIVIL ACTION NO. 1:14-03294** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **U.S. COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING

Before the court is a "Motion to Alter or Amend Judgment" (R. #31) wherein defendant, Acting Commissioner of the Social Security Administration, seeks to have this court alter or amend a previously issued Amended Judgment [1] pursuant to Federal Rule of Civil Procedure 59(e). In that Amended Judgment, the court accepted the Supplemental Report and Recommendation of the Magistrate Judge wherein he recommended that the instant matter be remanded to the Commissioner to determine the 2013 disability onset date and duration of plaintiff's alleged disability.

Defendant takes issue with two specific findings that the Magistrate made; (1) the ALJ found that plaintiff was disabled as of August 2013, and (2) that the ALJ was required to assess a disability onset date.

The court has reviewed the administrative record and the ruling of the Administrative Law Judge ("ALJ") and finds that the Magistrate Judge erred in finding that the ALJ had determined

---

[1] R #28 issued June 7, 2016.

1

that plaintiff was disabled as of August 2013. The ALJ made no such finding. Our review of the ruling by the ALJ finds the following:

> [C]laimant may have had difficulty working for a few months beginning in August 2013. The evidence does not, however, show that she would have been unable to work for a period of at least twelve consecutive months. By May 2014, the claimant had regained the capacity for work activity within the residual functional capacity stated above. Specifically, the opinions of Drs. Tramontana and Thrasher support the conclusion that the claimant is able to perform work that is not complex and that requires no more than occasional interaction with others, as she is more comfortable working with things than with people. She is not, however, completely unable to work with others, as she has demonstrated good social skills at the hearing and on psychological evaluation.[2]

The court has reviewed the administrative record and finds that there is evidence to support the finding of the Administrative Law Judge that plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2013.[3] The court further finds that there was no error by the ALJ in giving more weight to the opinions of Drs. Thrasher and Tramontana than to plaintiff's treating physician, Dr. Moore. As noted by the ALJ, Dr. Moore had not documented any mental status exams and his opinions appeared to be based on Chelette's subjective reports.

## CONCLUSION

Because the ALJ made no finding of disability during the relevant period, nor did he find that plaintiff was disabled as of August 2013, there is no need to remand this case to determine a disability onset date. Thus, the court finds that defendant's motion to alter or amend should

---

[2] R. #6-1, pp.25- 26 of 343; pp. 11-12 of Decision.
[3] The ALJ further found that plaintiff was not disabled for purpose of Medicare benefits (MQGE) under sections 216(i) and 223(d) of the Social Security Act at any time through the date of the decision.

be granted as it was manifest error for us to accept the Report and Recommendation of the Magistrate Judge. Accordingly, the amended judgment rendered on June 7, 2016 (R. #28) will be vacated and an amended judgment will be issued affirming the administrative decision of the ALJ and dismissing this matter with prejudice.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 23rd day of August, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
**UNITED STATES DISTRICT JUDGE**